**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN HAGERTY,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:18-1973** |
| **v.** | : | **(JUDGE MANNION)** |
| **ROBERT SMITH,** *et al.,* | : | |
| **Defendants** | : | |

**MEMORANDUM**

**I. BACKGROUND**

Plaintiff, Dawn Hagerty, an inmate confined at the State Correctional Institution, Muncy, Pennsylvania, ("SCI-Muncy"), filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The action proceeds via an amended complaint. (Doc. 33). The named Defendants are the following SCI-Muncy employees: Superintendent Robert Smith, Security Captain S. Waltmen, Lieutenant Jennifer Beuchat and Dr. Robert Sena. Id.

By Memorandum and Order dated March 10, 2021, the motion to dismiss, filed on behalf of Defendants Robert Smith and Captain S. Waltman was granted and Defendant Dr. Sena was also dismissed from the above captioned action for Plaintiff's failure to provide an accurate address for timely service pursuant to F.R.C.P. 4(m). (Docs. 47, 48).

By Order dated April 1, 2021, the Court issued a scheduling order with respect to the remaining Defendant, Jennifer Beuchat. (Doc. 49).

On May 4, 2021, this Court's scheduling order, mailed to Hagerty's last known address was returned as undeliverable. (Doc. 50). Thus, for the reasons that follow, the Court will dismiss the above captioned action for Plaintiff's failure to prosecute and to comply with a Court Order.

## II. DISCUSSION

Fed.R.Civ.P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 631 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." Iseley v. Bitner, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the Poulis factors is unnecessary. See Iseley, 216 F. App'x at 255 (citing Guyer v. Beard, 907 F.2d 1424, 1429–30 (3d Cir. 1990) and Spain v. Gallegos, 26 F.3d 439, 454–55 (3d Cir. 1994)); see also Williams v. Kort, 223 F. App'x 95, 103 (3d Cir. 2007).

In this instance, on October 6, 2018, this Court sent Ms. Hagerty a copy of our Standing Practice Order which advises *pro se* litigants of their obligation to notify the Court of any change of address. (Doc. 6). She was warned that if she failed to notify the Court of her change of address, she will be deemed to have abandoned her action. Id.

A search of the Pennsylvania Department of Corrections computerized Inmate Locator revealed that Ms. Hagerty is not in the custody of the Pennsylvania Department of Corrections. The Court's order returned as undeliverable indicated that Ms. Hagerty had been released on July 16, 2020. (Doc. 50). At this point, as a result of Plaintiff's failure to notify the Court of her present location, we are unable to communicate with her. As such, it would be a waste of judicial resources to allow this action to continue, as it appears that she has abandoned the action.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss the above captioned action with prejudice for failure to prosecute and to comply with this Court's Standing Practice Order.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 19, 2021**
18-1973-02